## COLE v BROWN

Ohio Appeals, 4th Dist, Scioto Co
Decided December 23, 1929

Messrs. Edgar G. Miller and Wm. J. Meyer, Portsmouth, for Cole.

Messrs. Miller & Searl, Portsmouth, for Brown.

MIDDLETON, PJ.

It is contended by the plaintiff in error in this proceeding that the trial court erred in giving to the jury before argument at the request of Brown the following special instruction:

"I charge you as the law in this case that at the time plaintiff claims to have sustained the injuries set out in his petition that the Galena turnpike on which defendant had placed sand and gravel, as set out in his answer, was a public highway of the State of Ohio,
and

That the law of the State of Ohio (Section 13421-11 GC.) stipulates that whoever unlawfully places any obstruction in or upon a public highway shall be fined, etc. Thus prohibiting such unlawful obstruction in said highway.

That this law is one passed for the protection of the public and its violation is negligence per se.

And placing an obstruction in or upon said highway, which would interfere with the lawful travel upon such highway by the public, which obstruction is not guarded with due care to prevent danger to the public in such use, constitutes an unlawful placing of an obstruction upon a highway."

It is contended that in this instruction the court undertook to set up a standard by which the jury should determine the negligence of Cole under the facts in evidence, and that such standard should have been left to the determination of the jury alone on the question of whether it constituted negligence on the part of Cole.

Section 13421-11 GC. provides as follows:

"Whoever unlawfully places any obstruction in or upon a public highway shall be fined not more than fifty dollars nor less than five dollars."

The evidence shows that Cole placed the sand and gravel upon the highway without any legal right so to do and that it extended from the west line of the highway

across to the marked middle center of the paved road. It necessarily follows that Cole's negligence was complete when he placed this obstruction on the highway and that the additional requirement mentioned in the instruction of guarding it in some way could not and did not impose upon Cole any legal additional burden. The placing of a guard upon said obstruction was as much for his own protection as that of the public. It could not avoid the illegal act on his part in the first instance but it might, however, prevent an injury to another and thus release him from liability for his illegal act, or it might impose upon some other party a charge of contributory negligence which would relieve or mitigate Cole's liability. We conclude, therefore, that this instruction did not impose any duty upon Cole which could legally increase his liability for his primary act in unlawfully placing an obstruction upon the highway of the character of that disclosed by the evidence.

We can not disturb the verdict on the weight of the evidence, and as there are no further complaints made in the brief of the plaintiff in error we must affirm the judgment.

Mauck and Blosser, JJ., concur.